UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| JENNIFER S. COX, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6:18-CV-114-CHB |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION DENYING** |
| CTA ACOUSTICS, INC., | ) | **MOTION TO REMAND AND** |
| | ) | **GRANTING MOTION TO DISMISS** |
| Defendant. | ) | |

*** *** *** ***

Plaintiff Jennifer S. Cox brought suit against her former employer Defendant CTA Acoustics, Inc. ("CTA") in Knox Circuit Court following her termination. [R. 1-1] This matter is now before the Court on defendant's motion to dismiss [R. 4] and plaintiff's motion to remand [R. 6].

## I. Procedural History

On March 21, 2018 plaintiff brought suit in Knox Circuit Court alleging that she was "wrongfully harassed, coerced and discriminated against" by her employer Defendant CTA before being wrongfully terminated in August of 2017. [R. 1-1 at p. 1] Plaintiff further alleged that the defendant's acts "were with malice, oppression, gross negligence, fraud" and were "willful and intended to benefit" the defendant. *Id* at 2. Plaintiff's complaint states that she is entitled to "reinstatement, lost wages, lost benefits, all costs and reasonable attorney fees" in excess of five thousand dollars. *Id*. at 1. On April 11, 2018 defendant filed a notice of removal to this Court [R. 1] and on April 18 filed a motion to dismiss [R. 4]. Plaintiff made a motion to remand this action to state court and in order to rebut the defendant's claim that the action satisfied the required amount in controversy for federal subject matter jurisdiction ($75,000)

stated that "[the] Plaintiff will stipulate that her total compensatory damages, punitive damages, costs, and attorney's fees are less than $70,000.00." [R. 6 at p. 2] On the same day the plaintiff also filed a response to the defendant's motion to dismiss which stated that the "Plaintiff never expected this simple matter to be removed to federal court as it contains no federal question nor does the amount in controversy exceed $75,000.00." [R. 5 at p. 1] On May 10 the defendant filed its response in opposition to plaintiff's motion to remand [R. 10].

## II. Subject Matter Jurisdiction Upon Removal

A defendant may remove a civil action from state court to federal court only if the action is one over which the federal court could have exercised original jurisdiction. *See* 28 U.S.C. §§ 1441, 1446. This Court has original diversity jurisdiction over civil actions when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between" parties who are "citizens of different States." *See* 28 U.S.C. § 1332(a)(1). A court considers whether federal jurisdiction existed at the time of removal. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). The complaint does not include a requested amount of damages as the Kentucky Rules of Civil Procedure prohibit plaintiffs from stating a specific amount that they seek to recover in their complaint. Ky. R. Civ. P. 8.01(2). In such a situation "[t]he party seeking removal bears the burden of demonstrating that the district court has original jurisdiction," and it "must set forth, in the notice of removal, specific facts supporting the assertion that the amount in controversy exceeds the amount required by statute." *Shupe v. Asplundh Tree Expert Co.*, 566 F. App'x 476, 481 (6th Cir. 2014) (quotations omitted). Because the complaint cannot state an amount in controversy, the court must find, by a preponderance of the evidence, that the amount in controversy requirement is met. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014). When analyzing a complaint for unspecified

damages a court is to give the complaint a "fair reading" to ascertain whether the requisite amount has been placed in controversy. *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560 (6th Cir. 2001). Finally, federal courts are courts of limited jurisdiction and removal statues are to be construed narrowly with doubts about the propriety of removal resolved in favor of remand. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549-50 (6th Cir. 2006).

The defendant argues, and the Court agrees, that the plaintiff's claims easily reach the required $75,000 in controversy. [R. 1] In her complaint the plaintiff claims that she was wrongfully "harassed, coerced, and discriminated against … and wrongfully terminated." [R. 1-1 at p. 1] Further, these acts were done with "malice, oppression, gross negligence, fraud" and were "wilful [*sic*] and intended to benefit" the defendant. *Id.* at 2. As relief for these allegations, the plaintiff requests judgment for "all her damages, both compensatory and punitive … and reinstatement pursuant to the applicable laws, all benefits and seniority, lost wages and lost benefits" without limitation as well as her reasonable attorney's fees. *Id*.

While this analysis is made difficult by the paucity of the plaintiff's complaint, the defendant provides a reasonable accounting showing that the plaintiff's claims surpass the required amount in controversy. [R. 1] First, the plaintiff's claims for lost wages alone demonstrate by a preponderance of the evidence the amount in controversy has been satisfied. Assuming a trial date set two years from the date of removal, the defendant reasonably shows that the plaintiff's claims for lost wages alone would reach over $85,000. *Id*. at 3. While this amount assumes a slightly longer trial schedule than the Court envisions and does not include any mitigation that may apply to the plaintiff's claims from new wages or unemployment benefits, such a high preliminary figure for lost wages alone indicates that the required amount in controversy has been met. *Case v. Nestle Prepared Foods Co*., No. 5:13-160, 2013 WL 5503047,

*3 (E.D. Ky. Oct. 1, 2013) (new wages or unemployment benefits may reduce an award for lost wages). Importantly, the plaintiff offers no proof of anything she has done to mitigate the damages award. [R. 6] Further, the plaintiff's additional claims for punitive damages for her termination only serve to increase the amount placed in controversy. *Hayes*, 266 F.3d at 572 ("When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered … unless it is apparent to a legal certainty that such cannot be recovered."). Other than providing a stipulation, discussed below, the plaintiff does not provide any evidence to rebut the defendant's claims regarding the amount in controversy. [R. 6] Given the value of the plaintiff's claims for lost wages alone, to say nothing of the claims for compensatory and punitive damages for alleged harassment and discrimination, the Court finds by a preponderance of the evidence that the amount in controversy requirement has been met.

### III. Effect of Post Removal Stipulation

Finding jurisdiction to be appropriate at the time of removal, the next question is the effect of the "stipulation" offered by the plaintiff in its motion for remand. If valid, the stipulation would limit the value of the plaintiff's claims to $70,000, thereby defeating jurisdiction and requiring remand to state court. The general rule in the Sixth Circuit, however, is that "[b]ecause jurisdiction is determined as of the time of removal, events occurring after removal that reduce the amount in controversy do not oust jurisdiction … a post-removal stipulation reducing the amount in controversy to below the jurisdictional limit does not require remand to state court." *Rogers*, 230 F.3d at 872. Despite this general rule courts in this district have taken an unpublished Sixth Circuit opinion to indicate an exception to the rule in *Rogers*, namely that "[w]hen a post-removal stipulation is the first specific statement of the alleged damages then it is considered a *clarification*, rather than a reduction, and the case may be

remanded." *Tankersley v. Martinrea Heavy Stampings, Inc.*, 33 F. Supp. 3d 775, 780 (E.D. Ky. 2014), citing *Shupe*, 566 F. App'x. *See also, Jones v. AT&T Mobility, LLC*, No. 6:17-320, 2018 WL 3341183 (E.D. Ky. July 6, 2018); *Shelton v. Print Fulfillment Services, LLC*, No. 3:16-563, 2017 WL 455554 (W.D. Ky. Jan. 30, 2017).

While some courts have found this exception to exist, they have found that the stipulation in question must unequivocally clarify that the plaintiff "will neither make a demand for nor accept any amount that exceeds $75,000 … and 'leaves Plaintiff no room to escape the bounds of its restrictions.'" *Jones*, 2018 WL 3341183 at *2, quoting *Spence v. Centerplate*, 931 F. Supp. 2d 779, 782 (W.D. Ky. 2013); *Egan v. Premier Scales & Systems*, 237 F. Supp. 2d 774, 778 (W.D. Ky. 2002) (stipulation that plaintiff "will [only] accept a sum of $74,990 exclusive of interests and costs" to be equivocal because "merely say[ing] that one will not accept money in excess of a certain amount limits neither the judgment nor the demand."). Further, courts have held that the stipulation must be a *clarification* of the plaintiff's complaint and not a *change* in the relief that they are seeking. *See, e.g.*, *Labuy v. Peck*, 790 F. Supp. 2d 601 (E.D. Ky. 2011) (plaintiff dropping claim that brought value of complaint below $75,000 constituted a change and not a clarification and therefore did not require remand).

The first problem with the plaintiff's stipulation is that it is too equivocal. Merely stating in her motion to remand that "Plaintiff will stipulate that she has no claim under the KCRA" and that "Plaintiff will stipulate that her total compensatory damages, punitive damages, costs, and attorney's fees are less than $70,000.00" falls well below the level required by courts of this district. [R. 6 at p. 1-2] Unlike cases in this district in which the plaintiff filed a separate document capping their damages in no uncertain terms, the plaintiff's attempt to stipulate here does not assure the Court that she will be adequately bound upon return to state court. *See e.g.*

*Jones*, 2018 WL 3341183. Secondly, even if the stipulation were sufficiently unequivocal, the Court finds the stipulation to be a change in the plaintiff's complaint and not a clarification. In her complaint the plaintiff alleges not only wrongful termination, but also that the plaintiff was "wrongfully harassed, coerced and discriminated against by the Defendant." [R. 1-1 at p. 1] To now state on a motion for remand that the complaint was only ever a "basic, wrongful discharge" clearly attempts to walk back the expansive complaint so as to defeat diversity jurisdiction. *Id*. Therefore the Court will **DENY** the plaintiff's motion to remand. [R. 6]

**IV. Motion to Dismiss**

Finding that jurisdiction is proper, the Court now addresses the defendant's motion to dismiss. [R. 4.]

Dismissal is proper pursuant to Fed. R. Civ. P. 12(b)(6) where the plaintiff "fails to state a claim upon which relief can be granted." A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint that only "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient. *Id*. In order to survive a Rule 12(b)(6) motion the complaint must "contain either direct or inferential allegations respecting all material elements necessary for recovery under a viable legal theory." *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014). The "complaint is viewed in the light most favorable to [the plaintiff]; the allegations in the complaint are accepted as true, and all reasonable inferences are drawn in [the plaintiff's] favor." *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016).

Plaintiff's complaint clearly fails to allege the necessary elements to support any of its causes of action. *D'Ambrosio*, 747 F.3d at 383. The only factual allegations in the plaintiff's complaint are:

> 1. Jennifer S. Cox is a resident of Gray, Knox County, Kentucky, at all times relevant hereto.
>
> 2. Jennifer S. Cox was employed by the Defendant, CTA Acoustics, Inc., at all times relevant hereto, with its place of business in Corbin, Knox County, Kentucky.
>
> 3. Jennifer S. Cox at all times relevant hereto was a mold operator with the aforesaid Defendant in Corbin, Knox County, Kentucky
>
> 4. The Plaintiff was … terminated on or about August 16, 2017, in violation of the employment policies and rules of the Defendant.
>
> 5. Plaintiff [had] a good work record.

[R. 1-1 at p. 1] Reading the complaint in the light most favorable to the plaintiff the only discernable facts are that the plaintiff was employed as a mold operator until she was fired in the middle of August 2017, allegedly in violation of the defendant's employment policies and despite having a good work record. *Id*. There is no indication of when the plaintiff began work, the terms of her employment, or what even happened during her tenure to lead to accusations of harassment, discrimination, or unlawful termination. As discussed below, the total lack of facts makes it such that the complaint fails to state any claim upon which relief can be granted.

**A. Unlawful Termination**

Plaintiff's bare claim that she was fired in violation of the defendant's "employment policies and rules" does not "contain either direct or inferential allegations respecting all material elements necessary for recovery under a viable legal theory." *D'Ambrosio*, 747 F.3d at 383. As

an "at will" employment state Kentucky law provides that an employer ordinarily may "discharge his at-will employee for good case, for no cause, or for cause that some might view as morally indefensible." *Firestone Textile Co. Div. v. Meadows*, 666 S.W.2d 730, 731 (Ky. 1983). Under Kentucky Law, where there is no statute explicitly prohibiting the discharge, there are only two situations that give rise to a wrongful discharge claim: when an employee is discharged for failing or refusing to violate a law in the course of her employment, or where the employee is fired for exercising a right conferred by a well-established legislative enactment. *Gryzb v. Evans*, 700 S.W.2d. 399, 402 (Ky. 1985). By failing to cite to a single statue or provide a single factual allegation outside of the defendant allegedly acting in contravention of its own policies, the plaintiff has failed to state a claim upon which relief can be granted for unlawful termination.

**B. Harassment and Discrimination**

To the extent that the plaintiff has made claims for harassment and discrimination, these too must fail. Plaintiff does not offer a single factual allegation to support a claim for discrimination or harassment, and instead merely states that she was "wrongfully harassed, coerced and discriminated against by the Defendant" [R. 1-1 at p. 1] and that the defendant has "willfully discriminated against the Plaintiff." *Id*. at 2. Such conclusory and "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" are exactly the type of claims disapproved of by the Supreme Court and as such cannot state a claim upon which relief can be granted. *Iqbal*, 556 U.S. at 678. Merely stating a conclusory legal theory, without any factual allegations to any of the constituent elements of the legal cause, is insufficient to survive a motion to dismiss for failure to state a claim and therefore requires dismissal of the plaintiff's complaint.

**V. Conclusion**

Accordingly, for the above stated reasons, the Court will **DENY** plaintiff's Motion to Remand [R. 6] and will **GRANT** defendant's Motion to Dismiss [R. 4]. Plaintiff's Complaint will be **DISMISSED WITH PREJUDICE**.

An order will be entered in accordance with this opinion.

This the 29th day of August, 2018.

UNITED STATES DISTRICT COURT EASTERN DISTRICT OF KENTUCKY

Claria Horn Boom

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF KENTUCKY